IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TRAVIS PICKNEY,**<br>　　　　　　　　**Plaintiff,**<br>**v.**<br>**MID-STATE MARKETING, LLC,**<br>　　　　　　　　**Defendant.** | **CIVIL ACTION NO. _____**<br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Travis Pickney brings this action against Defendant Mid-State Marketing, LLC and respectfully alleges as follows:

### INTRODUCTION

1.　Plaintiff Travis Pickney ("Mr. Pickney" or "Plaintiff") brings this lawsuit pursuant to the anti-retaliation provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Louisiana Wage Payment Act, La. R.S. § 23:631, *et seq.* ("the Wage Payment Act"), for, *inter alia*, unpaid wages, liquidated damages, penalty wages, and attorney's fees and costs.

### THE PARTIES

2.　Mr. Pickney is an individual residing in Lafayette Parish, Louisiana. Mr. Pickney was formerly employed with Defendant as an ice cream delivery driver until his employment was terminated in or around August 2015.

3.　Defendant Mid-State Marketing, LLC ("Mid-State Marketing" or "Defendant") is a limited liability company organized under the laws of the State of Louisiana and may be served through its registered agent for service of process: **Daniel H. Brown, 2130 Macarther Drive,**

1

**Alexandria, LA, 71301.** Mid-State Marketing is an "employer" within the meaning of the FLSA and the Wage Payment Act.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction pursuant to 29 U.S.C. § 201 and 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. Further, this Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

5. Venue is proper pursuant to 28 U.S.C. § 1391, as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district, and Defendant is subject to personal jurisdiction in this district.

## FACTUAL ALLEGATIONS

6. Mr. Pickney was formerly employed with Defendant as an ice cream delivery driver until his employment was terminated in or around August 2015. Notably, Mid-State Marketing terminated Mr. Pickney from his job just days before he was scheduled to use his accrued vacation.

7. When Mr. Pickney began working for Defendant, he initially was paid on a commission basis. However, Mid-State Marketing subsequently informed Mr. Pickney that he would be paid on a salary basis of $775 per week.

8. Mr. Pickney noticed on his paycheck that deductions were being made to his wages even though they were **not** the result of his negligent or willful actions. For example, Mr. Pickney was being charged for ice cream "shortages" when the truck assigned to him was not refrigerating properly and therefore was the cause of any ice cream "shortages."

9. In addition, Mr. Pickney noticed that he was not receiving the full $775 per week on many of his paychecks, sometimes receiving only $485 per week or less.

10. Mr. Pickney complained to Mid-State Marketing about the unlawful deductions to his paycheck and not receiving his full $775 per week salary.

11. Mr. Pickney's complaints to Mid-State Marketing constituted "protected activity" for purposes of the FLSA's anti-retaliation provisions.

12. Shortly after Mr. Pickney submitted his complaints, Mid-State Marketing abruptly terminated his employment.

13. Further, Mid-State Marketing made deductions to Mr. Pickney's paycheck for alleged damages to a truck even though Mr. Pickney had no involvement with the alleged damages. Indeed, Mr. Pickney's final paycheck was $0 based on Defendant's unlawful deductions.

14. Mid-State Marketing unlawfully deducted approximately $3,000 from Mr. Pickney's wages over the course of his employment

15. Under Mid-State Marketing's policies and procedures, Mr. Pickney had accrued approximately five (5) days of vacation pay at the time of his termination in August 2015.

16. Indeed, and as noted above, Mid-State Marketing terminated Mr. Pickney's employment just days before he was going to use the vacation he had accrued.

17. After Mr. Pickney's employment was terminated, Mid-State Marketing did not comply with its affirmative duty to pay all amounts owed as required by the Wage Payment Act.

18. After not receiving the vacation pay and other lawful wages to which he was entitled because of Mid-State Marketing's unlawful deductions, Mr. Pickney submitted a written demand for payment of his unpaid wages on November 2, 2015. (*Exhibit A,* November 2, 2015 email).

19. Notwithstanding Mr. Pickney's demand, Mid-State Marketing still has refused to pay the compensation and wages owed to him.

20. Mid-State Marketing's denial of legal wages and compensation owed to Mr. Pickney is, and has been, willful and deliberate.

## FIRST CAUSE OF ACTION
### (Violations of the FLSA's Anti-Retaliation Provision)

21. Mr. Pickney incorporates by reference each and every allegation set forth in the preceding paragraphs as though fully set forth.

22. Mr. Pickney exercised his rights and engaged in protected activity under the FLSA as heretofore alleged.

23. Defendant retaliated against Mr. Pickney for exercising his rights under the FLSA as heretofore alleged.

24. As a result of Defendant's unlawful conduct, Mr. Pickney is entitled to compensatory damages, lost wages, liquidated damages equal to lost wages, punitive damages, and other appropriate equitable relief.

25. Mr. Pickney also seeks reasonable attorney's fees and costs, as provided by the FLSA.

## SECOND CAUSE OF ACTION
### (La. Civ. Code Art. 2315 – Conversion)

26. Mr. Pickney incorporates by reference each and every allegation set forth in the preceding paragraphs as though fully set forth.

27. Defendant intentionally interfered with and exercised dominion and control over wages and compensation that Plaintiff had the legal right to possess as heretofore alleged.

28. As a result of Defendant's violations of La. Civ. Code Art. 2315, Plaintiff is entitled to recover the wages unlawfully withheld by Defendant, costs of the action, and pre-judgment and post-judgment interest pursuant to La. Civ. Code Art. 2315.

### THIRD CAUSE OF ACTION
### (La. Rev. Stat. 23:635 – Unlawful Deductions)

29. Mr. Pickney incorporates by reference each and every allegation set forth in the preceding paragraphs as though fully set forth.

30. La. Rev. Stat. 23:635 prohibits employers from deducting any sum from their employees' wages, unless as permitted by law.

31. Defendant unlawfully made deductions from the wages of Mr. Pickney as heretofore alleged.

32. Defendant's knowing and intentional demand and retention of these wages were willful violations of La. Rev. Stat. 23:635.

33. As a result of Defendant's willful violations of La. Rev. Stat. 23:635, Mr. Pickney is entitled to recover his unpaid wages, penalty wages, reasonable attorney's fees, and pre-judgment and post-judgment interest under La. Rev. Stat. 23:632.

### FOURTH CAUSE OF ACTION
### (Violations of the Wage Payment Act)

34. Plaintiff incorporates by reference each and every allegation set forth in the preceding paragraphs as though fully set forth.

35. Despite repeated demands from Plaintiff, Defendant has failed to pay him the wages due under the terms of his employment within the time period prescribed by the Wage Payment Act, including his accrued vacation pay and the unlawful deductions that were made to his wages.

36.     Accordingly, Plaintiff is not only entitled to recover his unpaid wages, but also penalty wages, attorney's fees, costs, and judicial interest.

## DEMAND FOR JURY

37.     Mr. Pickney hereby demands a trial by jury for all issues in this case.

## PRAYER FOR RELIEF

WHEREFORE, having set forth his Complaint, Mr. Pickney respectfully requests that this Court:

(a) Enter a declaratory judgment that the practices complained of herein violated the anti-retaliation provisions of the FLSA and that Defendant willfully violated the rights of Mr. Pickney under the FLSA;

(b) Award Mr. Pickney compensatory damages, lost wages, liquidated damages, punitive damages, attorney's fees, interest, and costs;

(c) Require Defendant to remit back the amount of wages misappropriated from the wages of Mr. Pickney;

(d) Award Mr. Pickney unpaid wages, penalty wages, attorney's fees, costs, and judicial interest as provided by the Wage Payment Act; and

(e) Award any other legal and equitable relief that this Court deems just and proper.

Dated: February 1, 2016                     Respectfully Submitted:

**WILLIAMS LITIGATION, L.L.C.**

By:  s/Christopher L. Williams
Christopher L. Williams
La. Bar Roll No. 32269
639 Loyola Ave., Suite 1850
New Orleans, LA 70113
Telephone: 504.308.1438
Fax: 504.308.1446
chris@williamslitigation.com

*Attorney for Plaintiff*