IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TRAVIS PICKNEY, on behalf of himself and all others similarly situated,** | |
| Plaintiff, | **CIVIL ACTION NO. 16-CV-152** |
| v. | **JUDGE TRIMBLE** |
| **MID-STATE MARKETING, LLC,** | **MAGISTRATE JUDGE HORNSBY** |
| Defendant. | **JURY TRIAL DEMANDED** |

### AMENDED COMPLAINT – CLASS AND COLLECTIVE ACTION

Plaintiff Travis Pickney, on behalf of himself and all others similarly situated, brings this action against Defendant Mid-State Marketing, LLC, and respectfully alleges as follows:

### INTRODUCTION

1. Plaintiff Travis Pickney ("Mr. Pickney" or "Plaintiff") brings this lawsuit as a representative action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), on behalf of himself and all other similarly-situated current and former employees of Defendant for, *inter alia*, unpaid minimum wage and overtime, liquidated damages, and attorney's fees and costs.

2. Plaintiff also brings this lawsuit as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and similarly-situated individuals for the purpose of obtaining relief under Louisiana law for, *inter alia*, unjust enrichment, conversion, unlawful deductions, and other violations of the Louisiana Wage Payment Act, La. R.S. § 23:631, *et seq.* ("the Wage Payment Act"). Plaintiff seeks, *inter alia*, unpaid wages, penalty wages, and attorney's fees and costs.

3. Plaintiff also brings this lawsuit on an individual basis pursuant to the Wage Payment Act anti-retaliation provisions of the FLSA for *inter alia*, compensatory damages, liquidated damages, punitive damages, penalty wages, and attorney's fees and costs.

## THE PARTIES

4. Mr. Pickney is an individual residing in Lafayette Parish, Louisiana. Mr. Pickney was formerly employed with Defendant as an ice cream delivery driver until his employment was terminated in or around August 2015.

5. Defendant Mid-State Marketing, LLC ("Mid-State Marketing" or "Defendant") is a limited liability company organized under the laws of the State of Louisiana and may be served through its registered agent for service of process: **Daniel H. Brown, 2130 Macarther Drive, Alexandria, LA, 71301.** Mid-State Marketing is an "employer" within the meaning of the FLSA and the Wage Payment Act.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction pursuant to 29 U.S.C. § 201 and 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. Further, this Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

7. Venue is proper pursuant to 28 U.S.C. § 1391, as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district, and Defendant is subject to personal jurisdiction in this district.

## FACTUAL ALLEGATIONS

8. Mr. Pickney was formerly employed with Defendant as an ice cream delivery driver until his employment was terminated in or around August 2015. Notably, Mid-State

Marketing terminated Mr. Pickney from his job just days before he was scheduled to use his accrued vacation.

9. At all times material hereto, Defendant was an "enterprise engaged in commerce" within the meaning of the FLSA and, upon information and belief, had more than $500,000 in annual gross revenues. Furthermore, Plaintiffs were engaged in commerce within the meaning of the FLSA, and therefore are subject to individual coverage under the FLSA.

10. When Mr. Pickney began working for Defendant, he initially was paid on a commission basis. However, Mid-State Marketing subsequently informed Mr. Pickney that he would be paid on a salary basis of $775 per week.

11. Mr. Pickney noticed on his paycheck that deductions were being made to his wages even though they were **not** the result of his negligent or willful actions, or for infractions of safety rules of major significance. For example, Mr. Pickney's wages were being deducted for ice cream "shortages" when the truck assigned to him was not refrigerating properly and therefore Mr. Pickney was not the cause of any ice cream "shortages."

12. In addition, Mr. Pickney noticed that he was not receiving the full $775 per week on many of his paychecks, sometimes receiving only $485 per week or less.

13. Mr. Pickney complained to Mid-State Marketing about the unlawful deductions to his paycheck and not receiving his full $775 per week salary.

14. Mr. Pickney's complaints to Mid-State Marketing constituted "protected activity" for purposes of the FLSA's anti-retaliation provisions because, among other things, the FLSA prohibits employers from making deductions to employees being paid on a salary basis because of variation in the quality or quantity of the employee's work. .

15. Shortly after Mr. Pickney submitted his complaints, Mid-State Marketing abruptly terminated his employment. In addition, Mid-State Marketing filed a counterclaim against Mr. Pickney after he filed this lawsuit under the FLSA in further retaliation for exercising his rights under the FLSA.

16. Further, Mid-State Marketing made deductions to Mr. Pickney's paycheck for alleged damages to a truck even though Mr. Pickney had no involvement with the alleged damages. Indeed, Mr. Pickney's final paycheck was $0 based on Defendant's unlawful deductions.

17. Mid-State Marketing unlawfully deducted approximately $3,000 from Mr. Pickney's wages over the course of his employment.

18. Defendant also has a common policy of imposing fines and making deductions from the wages of Mr. Pickney and other similarly-situated workers ("the Rule 23 Plaintiffs") for alleged damage to tools/equipment, alleged ice cream "shortages," and inspections and supplies that were for the benefit of the employer.

19. In violation of the FLSA and Louisiana law, Defendant imposes these fines and deductions even when the damage is **not** caused by the employees' negligent or willful actions, or for infractions of safety rules of major significance. Further, Defendant imposes fines/deductions in excess of the actual damages incurred by Defendant.

20. The above-referenced fines and deductions imposed by Defendant had the effect of reducing the pre-determined salary of Mr. Pickney and the Rule 23 Plaintiffs in violation of the FLSA.

21. Under Mid-State Marketing's policies and procedures, Mr. Pickney had accrued approximately five (5) days of vacation pay at the time of his termination in August 2015.

22. Indeed, and as noted above, Mid-State Marketing terminated Mr. Pickney's employment just days before he was going to use the vacation he had accrued.

23. After Mr. Pickney's employment was terminated, Mid-State Marketing did not comply with its affirmative duty to pay all amounts owed as required by the Wage Payment Act.

24. After not receiving the vacation pay and other lawful wages to which he was entitled because of Mid-State Marketing's unlawful deductions, Mr. Pickney submitted a written demand for payment of his unpaid wages on November 2, 2015. (*Exhibit A,* November 2, 2015 email).

25. Notwithstanding Mr. Pickney's demand, Mid-State Marketing still has refused to pay the compensation and wages owed to him.

26. Mid-State Marketing's denial of legal wages and compensation owed to Mr. Pickney and the Rule 23 Plaintiffs is, and has been, willful and deliberate.

### COLLECTIVE ACTION ALLEGATIONS

27. Mr. Pickney brings his claims under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), as a collective action on behalf of himself and all persons who were paid on a salary basis by Defendant and who Defendant made deductions from their salary that were not permitted by the FLSA for the period between April 19, 2013, and the present ("the FLSA Collective.").

28. Mr. Pickney and the FLSA Collective are similarly situated in that they have substantially similar job requirements and pay provisions, and were subject to Defendant's common practice, policy, or plan of making unlawful deductions to salary-based employees under the FLSA.

29. Defendant is liable under the FLSA for, *inter alia*, for making unlawful deductions to Mr.Pickney and the FLSA Collective and thereby reducing their pre-determined weekly salary. There are other similarly situated individuals who were subject to Defendant's common practice, policy, or plan of making unlawful deductions to salary-based employees under the FLSA and would benefit from the issuance of Court-supervised notice and the opportunity to join this lawsuit. These similarly situated individuals are known to Defendant, are readily identifiable, and can be located through Defendant's records.

## CLASS ACTION ALLEGATIONS

30. Mr. Pickney and the Rule 23 Plaintiffs bring their claims as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and all other workers who (i) have not received all wages owed as a result of Defendant's unlawful deduction policy; and (ii) have not received all wages due under the terms of their employment within the time period prescribed by the Wage Payment Act.

31. The members of the proposed classes are so numerous that joinder of all members is impracticable. Upon information and belief, the size of the proposed classes is in excess of seventy (70) persons.

32. Mr. Pickney represents the Rule 23 Plaintiffs. Mr. Pickney will fairly and adequately represent the interests of the Rule 23 Plaintiffs and have retained counsel competent and experienced in class actions and employment litigation, including wage and hour cases like this one. There is no conflict between Mr. Pickney and the Rule 23 Plaintiffs.

33. There are questions of law and fact common to Mr. Pickney and the Rule 23 Plaintiffs which predominate over any questions affecting only individual members including, *inter alia*, the following: (i) whether Defendant converted wages and compensation owed to the

Rule 23 Plaintiffs; (ii) whether Defendant unlawfully deducted sums from the wages owed to the Rule 23 Plaintiffs; (iii) whether Defendant has been unjustly enriched by its unlawful deductions from the wages of the Rule 23 Plaintiffs; and (iv) whether Defendant paid all wages due to Plaintiffs and other workers under the terms of their employment within the time period prescribed by the Wage Payment Act.

34. Mr. Pickney and the Rule 23 Plaintiffs' claims are typical because, *inter alia*, (i) they were subject to the same or similar compensation policies and practices; (ii) they have sustained similar types of damages as a result of Defendant's conduct; and (iii) their claims are based on the same legal theories and involve similar factual circumstances.

35. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. Mr. Pickney and the Rule 23 Plaintiffs have been damaged and are entitled to recovery as a result of Defendant's common policies and practices. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would require. In addition, class litigation is superior because it will prevent unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

36. This action is maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the class predominate over any questions affecting only individual members of the proposed classes.

### FIRST CAUSE OF ACTION
**(Violations of the FLSA's Anti-Retaliation Provision)**
**Individual Claim on Behalf of Mr. Pickney**

37. Mr. Pickney incorporates by reference each and every allegation set forth in the preceding paragraphs as though fully set forth.

38. Mr. Pickney exercised his rights and engaged in protected activity under the FLSA as heretofore alleged.

39. Defendant retaliated against Mr. Pickney for exercising his rights under the FLSA as heretofore alleged.

40. As a result of Defendant's unlawful conduct, Mr. Pickney is entitled to compensatory damages, lost wages, liquidated damages equal to lost wages, punitive damages, and other appropriate equitable relief.

41. Mr. Pickney also seeks reasonable attorney's fees and costs, as provided by the FLSA.

### SECOND CAUSE OF ACTION
**(Violations of the FLSA – Salary Basis Requirement and Improper Deductions)**

42. Mr. Pickney and the FLSA Collective incorporate by reference each and every allegation set forth in the preceding paragraphs as though fully set forth.

43. Defendant has violated the rights of Mr. Pickney and the FLSA Collective as heretofore alleged.

44. Defendant's conduct, as alleged, constitutes a willful violation of the FLSA.

45. As a result of Defendant's unlawful conduct, Mr. Pickney and the FLSA Collective are entitled to damages equal to the amount of all uncompensated time, including overtime pay, within the three years preceding the filing of this Complaint, plus any periods of

equitable tolling, and an award of liquidated damages in an amount equal to the amount of unpaid compensation owed under the FLSA.

### THIRD CAUSE OF ACTION
### (La. Civ. Code Art. 2315 – Conversion)

46. Mr. Pickney and the Rule 23 Plaintiffs incorporate by reference each and every allegation set forth in the preceding paragraphs as though fully set forth.

47. Defendant intentionally interfered with and exercised dominion and control over wages and compensation that Plaintiff and the Rule 23 Plaintiffs had the legal right to possess as heretofore alleged.

48. As a result of Defendant's violations of La. Civ. Code Art. 2315, Mr. Pickney and the Rule 23 Plaintiffs are entitled to recover the wages unlawfully withheld by Defendant, costs of the action, and pre-judgment and post-judgment interest pursuant to La. Civ. Code Art. 2315.

### FOURTH CAUSE OF ACTION
### (La. Rev. Stat. 23:635 – Unlawful Deductions)

49. Mr. Pickney and the Rule 23 Plaintiffs incorporate by reference each and every allegation set forth in the preceding paragraphs as though fully set forth.

50. La. Rev. Stat. 23:635 prohibits employers from deducting any sum from their employees' wages, unless as permitted by law.

51. Defendant unlawfully made deductions from the wages of Mr. Pickney and the Rule 23 Plaintiffs as heretofore alleged.

52. Defendant's knowing and intentional demand and retention of these wages were willful violations of La. Rev. Stat. 23:635.

53. As a result of Defendant's willful violations of La. Rev. Stat. 23:635, Mr. Pickney and the Rule 23 Plaintiffs ARE entitled to recover his unpaid wages, penalty wages, reasonable attorney's fees, and pre-judgment and post-judgment interest under La. Rev. Stat. 23:632.

## FIFTH CAUSE OF ACTION
**(Violations of the Wage Payment Act – Individual and Class-Action Claims)**

54. Plaintiff and the Rule 23 Plaintiffs incorporate by reference each and every allegation set forth in the preceding paragraphs as though fully set forth.

55. Mr. Pickney and the Rule 23 Plaintiffs have made demand for their wages as heretofore alleged and through the filing of the instant Amended Complaint, but Defendant has failed to pay them the wages due under the terms of their employment within the time period prescribed by the Wage Payment Act, including Mr. Pickney's accrued vacation pay and the unlawful deductions that were made to his wages and the wages of the Rule 23 Plaintiffs.

56. Accordingly, Mr. Pickney and the Rule 23 Plaintiffs seek to recover penalty wages, attorney's fees, costs, and judicial interest.

## DEMAND FOR JURY

57. Mr. Pickney, individually and on behalf of the FLSA Collective and the Rule 23 Plaintiffs, hereby demands a trial by jury for all issues in this case.

## PRAYER FOR RELIEF

WHEREFORE, having set forth his Complaint, Mr. Pickney, the FLSA Collective, and the Rule 23 Plaintiffs respectfully requests that this Court:

(a) Enter a declaratory judgment that the practices complained of herein violated the anti-retaliation provisions of the FLSA and that Defendant willfully violated the rights of Mr. Pickney and the FLSA Collective under the FLSA;

(b) Award Mr. Pickney and the FLSA Collective compensatory damages, lost wages, liquidated damages, punitive damages, attorney's fees, interest, and costs;

(c) Require Defendant to remit back the amount of wages misappropriated from the wages of Mr. Pickney, the FLSA Collective, and the Rule 23 Plaintiffs;

(d) Award Mr. Pickney and the Rule 23 Plaintiffs unpaid wages, penalty wages, attorney's fees, costs, and judicial interest as provided by the Wage Payment Act;

(e) Award attorney's fees, pre-judgment and post-judgment interest, and costs (including expert witness expenses), all as provided by law; and

(f) Award any other legal and equitable relief that this Court deems just and proper.

Dated: April 19, 2016                                    Respectfully Submitted:

**WILLIAMS LITIGATION, L.L.C.**

By:  s/Christopher L. Williams
Christopher L. Williams
La. Bar Roll No. 32269
639 Loyola Ave., Suite 1850
New Orleans, LA 70113
Telephone: 504.308.1438
Fax: 504.308.1446
chris@williamslitigation.com

*Attorney for Plaintiff*